*54 OPINION OF THE COURT
Peter J. Newman, J.
The defendant is charged with scheme to defraud in the second degree (Penal Law § 190.60) and false advertising (Penal Law § 190.20). As to the first charge, it is alleged that the defendant "did engage in a scheme constituting a systematic ongoing course of conduct with intent to defraud more than one person by false or fraudulent pretenses and representations to obtain property” by means of the following enumerated conduct: "The defendant, owner of Crown Answering Service [sic] authorized the calling of people’s telephone number [sic] under the pretense that they were a radio station. This phone call would lead you to believe that you won a prize and to call a telephone number. They would deceive you when you call their number by failing to properly reveal the cost of the phone call. The [complainant] is one of numerous victims.”
It is further alleged that said conduct, made "with intent * * * to increase the consumption of services”, constituted a violation of Penal Law § 190.20. The corporate entity known as Crown Answering Service, Inc. has been charged with the same offenses under docket number 20603/95. The defendant now moves pursuant to CPL 170.40 to dismiss the charges against him in satisfaction of corporate guilty pleas as charged. The People join in the defendant’s motion, seeking to effectuate a proposed plea bargain to dispose of these matters.
Upon careful review of the moving and answering papers, as well as the entire file in this matter, this court declines to accept the proposed disposition and the motion to dismiss in the interests of justice is denied. The proposed disposition would in effect result in a "corporate substitution” for the offenses with which the individual defendant is charged. Motions for dismissal in the interests of justice are addressed to the sound discretion of the court and must be evaluated in light of the factors enumerated in CPL 170.40 (1). In the circumstances of the instant case, several of those factors are particularly significant. Assuming, arguendo, guilt of the charges filed herein, a corporate defendant clearly may not be sentenced to a term of imprisonment (Penal Law § 60.25) and this court has grave concerns about setting an adverse precedent by means of a "corporate substitution” that would render the court powerless to impose a sentence of imprisonment if, based upon all pertinent factors, such was deemed appropriate for the conduct in question and would insulate the individual defendant from *55 such a possible disposition. It is the further opinion of this court that, due to the particular nature of the conduct with which the defendant is charged, the granting of an interests of justice dismissal and acceptance of the proposed disposition would engender a public perception that would not be in the best interests of society. This court therefore finds that "the impact of a dismissal on the * * * welfare of the community” (CPL 170.40 [1] [g]) and "the impact of a dismissal upon the confidence of the public in the criminal justice system” (CPL 170.40 [1] [h]) are factors that militate strongly against the relief presently requested.
Additionally, the court notes the presence in the file of numerous sworn depositions reciting factual allegations bearing upon the defendant’s guilt and detailing vast numbers of allegedly illegal transactions resulting in the purported receipt of enormous revenue from such practices. As such, the court finds that "the seriousness and circumstances of the offense” (CPL 170.40 [1] [a]) and "the evidence of guilt, whether admissible or inadmissible at trial” (CPL 170.40 [1] [c]) are also pertinent factors herein.
Upon examination and consideration of the statutory factors, it is the opinion of this court that the instant criminal action is not one in which "dismissal is required as a matter of judicial discretion by the existence of some compelling factor, consideration or circumstance clearly demonstrating that conviction or prosecution of the defendant * * * would constitute or result in injustice”. (See, CPL 170.40 [1].) Parenthetically, it should be noted that, in evaluating the statutorily enumerated factors for purposes of this motion, this court takes no position as to the ultimate merits of the within criminal action or the liability, if any, of the defendant herein. The findings contained in the court’s decision are dispositive only of the instant motion to dismiss in the interests of justice.
Accordingly, the defendant’s motion to dismiss pursuant to CPL 170.40 is denied.